[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The plaintiff John Farino, filed an amended complaint on November 6, 1998 against the defendants, Joseph Chiarelli, Tara Chiarelli and the Chiarelli Law Firm, P.C. (Chiarelli). Farino alleges in his four-count complaint that Chiarelli represented Farino in a divorce action beginning in March 1994. Amended Complaint, Count One, ¶ 1. Farino alleges that Chiarelli "failed to perform adequately and was negligent" in various ways throughout the course of Chiarelli's representation. Amended Complaint, Count One, ¶ 7
The first two counts of the complaint state causes of action for malpractice against Joseph Chiarelli and Tara Chiarelli, respectively. The third and fourth counts[1], which are the subjects of this motion to strike, state causes of action for breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
Chiarelli filed his motion to strike the third and fourth counts of the amended complaint on December 7, 1998. The ground of the motion as to the fourth count is that Farino "failed to CT Page 3338 sufficiently allege that Chiarelli's conduct violated the entrepreneurial or commercial' aspects of law" and failed to state a cause of action under CUTPA. Farino filed his objection to the motion to strike on January 6, 1999.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book § 10-39.
The relevant section of CUTPA is "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b; Willow Springs Condominium Assn., Inc. v.Seventh BRT Dev. Corp., 245 Conn. 1, 42, ___ A.2d ___ (1998). (Emphasis added.)
Farino alleges in the CUTPA count that Chiarelli was engaged in trade or commerce as defined in General Statutes § 42-110a(4); that Farino paid a flat fee for the Chiarelli's representation; that Chiarelli never provided Farino with a receipt or an accounting of the sums paid and the services rendered; that after the flat fee was exhausted, Chiarelli failed and refused to provide adequate legal services; and that Chiarelli's actions caused Farino to suffer substantial injury and monetary loss. Chiarelli argues that Farino's allegations do not concern the "entrepreneurial or commercial" aspects of law, and therefore, are not sufficient to state a CUTPA cause of action.
In Haynes v. New Havan Hospital, 243 Conn. 17, 699 A.2d 964
(1997), the court examined a CUTPA claim based on medical malpractice. The court held, "[w]e conclude that professional negligence that is, malpractice does not fall under CUTPA. Although physicians and other health providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA" Id, 34.[2]
"We have held that it is important not to interfere with the attorney's primary duty of robust representation of the interests of his or her client . . . This public policy consideration CT Page 3339 requires us to hold that CUTPA covers only the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.) Haynes v.Yale-New Haven Hospital, supra, 243 Conn. 35.
CUTPA claims should arise "only when the actions at issue are chiefly concerned with entrepreneurial aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the defendant." (Internal quotation marks omitted.) Haynes v.Yale-New Haven Hospital, supra, 243 Conn. 35-36 (citing Ikuno v.Yip, 912 F.2d 306, 312 (9th Cir. 1990)).
Farino has alleged entrepreneurial and/or commercial aspects of the practice of law by stating that Chiarelli never provided a receipt or an accounting of sums received during the representation. These allegations are not necessarily related to Chiarelli's competence or strategy. Because I cannot on the pleadings determine that no facts have been stated on which relief can be granted, Chiarelli's motion to strike the fourth count is denied.[3]
Therefore, Chiarelli's motion to strike the fourth counts is denied.
So Ordered.
Beach, J.